No. 23,148.

STEPHEN O'GRADY, *Appellee*, V. ALICE O'GRADY, *Appellant*.

SYLLABUS BY THE COURT.

DIVORCE — *Defendant in Default — Refusal of Leave to File Answer — Error.* The refusal of the court to allow the defendant, who was in default of an answer in an action for divorce, permission to file an answer and make a defense, is held under the circumstances of the case to be an abuse of discretion.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed May 7, 1921. Reversed.

*Lee Judy*, and *Earle R. Gilbert*, both of Kansas City, for the appellant; *Daniel W. Scanlon*, of Chicago, Ill., of counsel.

*L. O. Carter*, of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment granting the plaintiff a divorce. The contention here is that the court abused its discretion in denying to the defendant permission to file an answer and make a defense to the action. Plaintiff's petition was filed on March 22, 1920, and on April 1, 1920, a return was filed showing service of summons on the defendant in Chicago on March 25, 1920. A motion for temporary alimony and suit money was filed by defendant on May 13, 1920, together with an affidavit in which she denied the averments of plaintiff to the effect that she had been guilty of extreme cruelty and gross neglect of duty. On May 29, 1920, this motion was heard and overruled, and shortly afterwards negotiations looking towards a reconciliation between plaintiff and defendant and the dismissal of the action, were begun. They proceeded so far that on June 17, 1920, the plaintiff agreed with counsel for defendant that he would dismiss the action and resume marital relations with his wife in Chicago if she would wire him the sum of $50. A telegram to this effect was sent to her in Chicago but was not delivered because she happened to be out of the city on that day. On her return the following day she wired the money to be delivered to him.

O'Grady v. O'Grady.

When plaintiff learned of the delay in the sending of the money he stated that he would not carry out the agreement but would insist on a trial of the action. The case was called on the morning of June 19, when counsel for defendant informed the plaintiff that the money arranged for had been forwarded, but he declined to accept it and demanded a trial. No answer had been filed by the defendant and counsel stated that he desired an opportunity to file an answer and therefore asked for a continuance for a few days to procure testimony in behalf of the defendant, but this was refused and a divorce was summarily granted upon evidence which as printed in the record is meager and unsatisfactory. The only evidence relating to the grounds of divorce was given by the plaintiff.

On a motion for a new trial counsel stated that if the continuance was allowed and opportunity for a defense given, the defendant would be ready to present her evidence and try the case within one week, but the motion was denied.

There is reason to complain of these rulings. Of course the defendant was in default of an answer, but in view of the fact that the parties had been in court contending on the application for the allowance of alimony and suit money, which was only decided twenty days before the day of judgment and also in view of the negotiations and steps taken towards a reconciliation, and the discontinuance of the action, there was some excuse for the delay in filing an answer. Under the circumstances the court should have given the defendant an opportunity to file an answer and make her defense and we conclude that the refusal amounted to an abuse of discretion.

The judgment is reversed and the cause remanded for a new trial.